EASTERN DIS
*April*, 1833.

TRACY ET AL.
*vs.*
STORER.

A cause will be remanded, if the verdict of the jury be contrary to an admission on record.

As to the merits of the case, it is clear that the verdict of the jury is contrary to the admissions of the defendant, and probably to the evidence.

The answer admits forty-nine dollars to be due to the plaintiff, even on the specific contract, as alleged; and there is no evidence of this sum having been legally tendered to him. And, moreover, we are inclined to believe that no such contract was ever made between the parties. But as this is a matter of fact, and most properly cognizable by a jury, the cause must be remanded.

It is therefore ordered, adjudged, and decreed, that the judgment of the District Court be avoided, reversed and and annulled, and the verdict of the jury set aside. And it is further ordered, that the cause be sent back to the court below, to be tried *de novo*. The appellee and defendant to pay the costs of this appeal, &c.

*Burk and Davis*, for appellant.

*Nicholls*, for appellee.

---

### TRACY ET AL. *vs.* STORER.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

Where the plaintiff sues as the assignee of a bill of lading for eighty-eight packages of merchandise, and the assignment of the bill to him is not proved, if the jury find the delivery of eighty-six of the packages by the defendant to the plaintiff, to be a recognition by the former of the right of the latter to demand the whole, the Supreme Court will not disturb the verdict.

In May, 1831, a quantity of goods were shipped at Philadelphia, on board the ship Chester, of which the defendant

was master, to be delivered in New-Orleans to Nichol, Hill & Co., or to their assigns. The plaintiffs received all the goods shipped, conformably to the bill of lading, with the exception of two packages and a box, which, from the evidence, appear to have been mislaid, lost or stolen.

The defendant pleaded the general denial, and should it appear that he was indebted to the plaintiffs, he pleaded, in compensation, a specific sum for freight and primage of the merchandize received by the plaintiff.

The jury, without retiring, found a verdict for the plaintiffs, and judgment having been rendered thereon, the defendant appealed.

*Carleton* and *Lockett*, for appellant.

1. The evidence shows that the merchandize was delivered on the levee, and that the plaintiff had notice thereof; the judgment of the inferior court ought, therefore, to be reversed.

2. The defendant assigns for error apparent on the record, that there is no evidence that the bills of lading sued on, were ever assigned to the plaintiffs by the consignee; judgment, ought, therefore, to be given for the defendant.

*Slidell*, for appellees.

The opinion of the court, PORTER, J. absent, was delivered by MARTIN, J.

The plaintiffs claimed the value of two packages and a box of goods, shipped on board of the vessel, of which the defendant is master, according to a bill of lading, which they averred to have been assigned to them.

The defendant pleaded the general issue, and claimed a sum due him for freight. There was a verdict and judgment against him, and he appealed.

His counsel has urged in this court, that the goods were delivered on the levee, and the defendants had notice of it.

EASTERN DIS.
*April*, 1833.

He further presented as an error in the face of the record, the absence of any evidence of the assignment of the bills of lading to the plaintiffs.

The first point was abandoned during the hearing, if it had not been, the fact having been proved by the jury, that there was no delivery, and the testimony not establishing any, we could not meddle with the verdict.

Where the plaintiff sues as the assignee of a bill of lading, for eighty-eight packages of merchandize, and the assignment of the bill to him is not proved if the jury find the delivery of eighty-six of the packages by the defendant to the plaintiffs, to be a recognition by the former, of the right of the latter, to demand the whole, the Supreme Court will not disturb the verdict.

On the second point, the fact is, that the bill of lading stated eighty-eight different packages or boxes to have been shipped; the defendant delivered eighty-six of them to the plaintiffs; this, in our opinion, justified the jury in concluding, that the delivery of such a considerable portion of the merchandize to the plaintiffs, was a recognition of their rights to receive the whole in the bill of lading, which precluded him from contesting it. After the finding of the jury on this point, in their favor, the matter cannot have a different determination in this court.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed with costs.